```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

**FRANCIS TEJANI KUNDRA,**               :

    **Plaintiff,**                    :

**vs.**                                  :    CIVIL ACTION 06-00854-CG-B

**LOUISIANA CORRECTIONS SERVICES,**      :
**INC.,** *et al.,*
                                                   :

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, a former Alabama inmate who is proceeding pro se, filed the instant case alleging violations under 42 U.S.C. § 1983. (Doc. 1). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. Because Plaintiff has failed to prosecute and to comply with the Court's Order dated July 2, 2007, it is recommended that this action be dismissed without prejudice.

Plaintiff filed this Section 1983 action concerning alleged violations at the Perry County Correctional Center.[1] (Doc. 1). After a review of Plaintiff's complaint and motion to proceed without prepayment of fees (Doc. 4), the Court entered an Order directing Plaintiff to re-file his complaint on the Court's forms and to pay the $350.00 filing fee, or in lieu thereof, complete and file a motion to proceed without prepayment of fees on the Court's

---

[1] This case was transferred from the Middle District of Alabama and filed in this Court on December 15, 2006.

form by February 16, 2007. (Doc. 6). Additionally, the Court directed the Clerk to send Plaintiff the appropriate forms for a § 1983 complaint and motion to proceed without prepayment of fees.

On February 9, 2007, the Court's Order directing Plaintiff to re-file his complaint and motion to proceed without prepayment of fees and the Court's forms were returned to the Court undelivered due to the fact that Plaintiff's AIS Number was not listed along with the address. (Doc. 10). By Order dated July 2, 2007 (Doc. 11), Plaintiff was granted an extension of time in which to comply with the Court's Order. Thus, the deadline for submitting Plaintiff's complaint and motion to proceed without prepayment of fees was extended to July 26, 2007. Accordingly, the Clerk was directed to re-send a copy of the Court's January 16, 2007 Order (Doc. 6), together with a copy of the Court's Order dated July 2, 2007 (Doc. 11), to Plaintiff at his last known address and to include Plaintiff's inmate identification number to ensure proper delivery. On July 23, 2007, both of the Court's Orders along with the forms for a complaint and motion to proceed without prepayment of fees were also returned as "undeliverable." (Doc. 12).[2] To date, Plaintiff has not refiled his complaint or motion to proceed without prepayment of fees, nor has he paid the $350.00 filing fee. Additionally, Plaintiff has failed to file a Notice of Change of

---

[2] In addition, the Court's Order denying Plaintiff's "Motion for Citations Be Issued And Served upon Defendants" (Doc. 13) was also returned as undeliverable on September 26, 2007. (Doc. 14).

Address with the Court.

Due to Plaintiff's failure to comply with the Court's Orders and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this **17th** day of **December, 2007.**

                                            **/s/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(c); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

   A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

<u>      /s/ SONJA F. BIVINS      </u><br>
**UNITED STATES MAGISTRATE JUDGE**